IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACHELLE LESLIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 16-375-KD-N |
| | ) |
| UNIVERSITY OF SOUTH | ) |
| ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Machelle Leslie, proceeding *pro se* and *in forma pauperis*, initiated this action against Defendants, South Alabama, Tullos, and Faison on July 15, 2016. This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR72(a)(2)(R) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Orders dated January 6, 2017 (Doc. 16) and February 14, 2017 (Doc. 18), it is recommended that this action be dismissed without prejudice.

## DISCUSSION

Plaintiff's initial complaint was a complaint form for a Violation of Civil Rights Action.[1] (Doc. 1). In Section Two, part A of the form, Plaintiff checked the box indicating she was suing "state or local officials (a § 1983

---

[1] The Complaint form used by Plaintiff is not one of this Court's forms.
[2] The Order was additionally prompted by Plaintiff's failure to complete this Court's form to proceed without prepayment of fees. Plaintiff has since complied by filing the appropriate

1

claim)" and in part B, she stated that her rights were violated pursuant to "Title VII of the Civil Rights Act of 1967, as amended, 42 § U.S.C. 2000e." (Doc. 1 at 4). Filed along with her Complaint was a right-to-sue letter dated April 22, 2016 (Doc. 1 at 8) and a Charge of Discrimination filed with the EEOC dated February 20, 2015 (*Id.* at 9-10). On the charge, Plaintiff checked the box indicating a cause of discrimination based on "race", "color", and "retaliation". The EEOC charge contained a significant number of facts that were not included in Plaintiff's Complaint. (*Id.*)

On July 20, 2016, after interpreting Plaintiff's Complaint as asserting an employee discrimination claim, this Court *sua sponte* entered an Order noting that Plaintiff had not completed this Court's form for a discrimination suit.[2] (Doc. 3). The Order informed Plaintiff of the relevant pleading requirements and directed the Clerk to send Plaintiff a complaint form for an employment discrimination action and a *Pro Se Litigant Guide* to assist Plaintiff with drafting her Amended Complaint. (*Id.*)

On August 18, 2016, Plaintiff filed her Amended Complaint on this Court's form for an employee discrimination action as ordered. (Doc. 4).[3] Plaintiff identified the basis of her complaint by checking the options labeled "termination of my employment", "failure to promote me" and "other", which

---

[2] The Order was additionally prompted by Plaintiff's failure to complete this Court's form to proceed without prepayment of fees. Plaintiff has since complied by filing the appropriate form and has been given *in forma pauperis* status. (Docs. 5 and 6).

[3] Plaintiff's Amended Complaint did not name the individual defendants as in her initial Complaint, but in the caption of the Complaint she identified "University of South Alabama, *et al.*" as Defendants.

2

Plaintiff described as "retaliation, discrimination, and harassment". (*Id.*) On the form, Plaintiff completed Section 8(A) which indicated her action was being brought pursuant to "Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. g 2000-5." (Doc. 4 at 2). The Amended Complaint did not comply with the Court's Order as to the proper pleading requirements.

Following the filing of Plaintiff's Amended Complaint, Defendants filed a Partial Motion to Dismiss/Motion for More Definite Statement asserting, among other things, that dismissal was warranted as to Plaintiff's § 1983 claim because the Amended Complaint does not reference the § 1983 action. (Doc. 14). Defendants also asserted that "[i]f there is no § 1983 claim, and only a Title VII is asserted in the Amended Complaint, then there is no operative claim against the individual defendants Tullos and Faison […]" and argued that Plaintiff's punitive damages claim should be dismissed because South Alabama (the then only remaining Defendant) is not subject to punitive damages in a Title VII action (the only remaining action). (Doc. 14). Defendants additionally asserted Plaintiff should be required to amend her Title VII claim to properly state a cause of action, as previously ordered by this Court (Doc. 3). (*Id.* at 6-7). Plaintiff was given an opportunity to respond to Defendants' motion, but did not file a response.[4]

---

[4] Plaintiff was actually ordered to respond to Defendant's Motion on two occasions. However, because this Court's initial response order (Doc. 15) was not sent by certified mail, a second order (Doc. 16) was entered giving Plaintiff additional time to respond. The return of service indicates the Order was delivered by certified mail on January 11, 2017. (Doc. 17).

3

After review of the relevant filings and the Motion to Dismiss, then ripe, it became apparent to the undersigned that Plaintiff's failure to properly plead her § 1983 claim in her Amended Complaint, may have inadvertently been due, in part, to this Court's previous Order (Doc. 3)[5]. As a result, the undersigned rescinded this Court's previous Order (Doc. 3) and ordered Plaintiff to, again, file an Amended Complaint without confining Plaintiff to any particular form. (Doc. 18).[6] Therein, Plaintiff was ordered to file her second amended complaint on or before March 3, 2017. (*Id*.)

In this Court's most recent Order, Plaintiff was instructed "**to file an amended complaint that specifically states each and every cause of action she wishes to pursue, i.e., an action pursuant to Title VII, § 1983, or both.**" (Doc. 18)(emphasis in original). Plaintiff was forewarned *for the second time* that her amended superseding complaint must also comply with the pleading requirements and that, as it was, Plaintiff's Complaint did "not comply with Rule 8(a) of the Federal Civil Rules of Civil Procedure, which requires that the complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)." (Doc. 3; Doc. 18).[7]

---

[5] This case was initially assigned to a different Magistrate Judge.
[6] The Order was sent to Plaintiff via regular and certified mail. The return of service (Doc. 19) indicates delivery was accomplished on February 18, 2017.
[7] The Order additionally set forth the requirements as follows:
> A complaint's allegations need to show plausibility in order to avoid dismissal for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678 (2009)(emphasis added). That is, "[f]actual

4

Furthermore, Plaintiff was warned that the failure to comply with the Court's Order within the prescribed time or to notify the Court of a change address would result in the dismissal of this action for failure to prosecute and to obey the Court's order. Plaintiff was further warned that the dismissal of this action for failure to prosecute will prevent the re-filing of a successful action because the statute of limitations will more than likely have expired.

Following this Court's Order, Plaintiff failed to file an Amended Complaint. Likewise, Plaintiff made no effort to request additional time to respond nor has she taken any action that would indicate to this Court that she wishes to continue to pursue this litigation.[8] Despite the inadvertent confusion that this Court's initial Order may have caused, Plaintiff has now failed to follow this Court's Orders on three occasions, (1) by failing to properly plead her claim in her Amended Complaint pursuant to this Court's initial Order (Doc. 3); (2) by failing to respond to this Court's Orders (Docs. 15 and 16) ordering Plaintiff to file a response to Defendants' Partial Motion to Dismiss and Motion for a More Definite Statement; and (3) by wholly failing

---

allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555-57, 127 S.Ct. at 1965-66. If sufficient facts are not pled to make out a plausible claim, the action will be dismissed. *Speaker v. U.S. Dep't Health & Humans Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010).

(Docs. 3,18).

[8] Also currently before this Court is Defendants' "Notice Regarding the Court's February 14, 2017 Order" which indicates that counsel to Defendants have, likewise, not received any pleadings or had any communication from Plaintiff. (Doc. 20).

to file any amended complaint following this Court's Order of February 14, 2017 (Doc. 18).

Due to this failure, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with her action. As a consequence of Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

The Clerk of Court is **DIRECTED** to send copies of this Report and Recommendation to the Plaintiff at her current address of record by both regular and certified U.S. mail.

**DONE** this 15th day of March 2017.

> *s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**